IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| HAROLD POWELL, | ) | |
| Petitioner, | ) | |
| v. | ) | 12 C 2928 |
|  | ) | |
|  | ) | Judge Virginia M. Kendall |
| MICHELLE R.B. SADDLER and LISA | ) | |
| MADIGAN, | ) | |
| Respondents. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Harold Powell brings this Motion for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 as well as a Motion to Stay Certain State Court Proceedings. The State of Illinois moves to dismiss Powell's Motion pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that this Court should decline to exercise its jurisdiction over Powell's petition under the abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971). For the reasons set forth herein, the Court will abstain from deciding Powell's Motion for a Writ of Habeas Corpus pursuant to *Younger*, and therefore the Motion is dismissed without prejudice. Petitioners's recently filed motion to stay the state court proceedings is also denied.

Petitioner Powell is in the custody of the Illinois Department of Human Services and is housed at the secure Treatment and Detention Facility in Rushville, Illinois. Respondent

Michelle R.B. Saddler is the Secretary of the Illinois Department of Human Services.

On September 28, 2000, the People of the State of Illinois, through Respondent Lisa Madigan, the Illinois Attorney General, filed a petition in the Circuit Court of Cook County alleging that Powell is a sexually violent person subject to commitment under Illinois's Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq.* *See In re Det. of Powell*, No. 00 CR 80003 (Ill. Cir. Ct.) The Act provides a mechanism for the civil commitment of an individual who is about to be released from the custody of the Illinois Department of Corrections, has been convicted of a sexually violent offense, and suffers from a mental disorder that predisposes him to future acts of sexual violence. *See* 725 ILCS 207/15.

At the first stage of proceedings on a Sexually Violent Persons Commitment Act petition, an Illinois circuit court must determine whether probable cause exists to find that the subject of the petition is a sexually violent person. *See* 725 ILCS 207/30. In Powell's case he stipulated that probable cause existed and the trial court accordingly issued an order finding probable cause and committing Powell to the custody of the Illinois Department of Human Services. *See In re Det. of Powell*, No. 00 CR 80003 (Ill. Cir. Ct. Oct. 25, 2000). At the second stage of Sexually Violent Persons Commitment Act proceedings the State must try an allegedly sexually violent person and prove the allegation in the petition beyond a reasonable doubt. *See* 725 ILCS 207/35. Although the trial must be held within 120 days of the probable cause hearing, delays to which the subject of the petition consent toll the

running of this period.  *See* 725 ILCS 207/35(a).

After the Circuit Court entered its order finding probable cause in Powell's case he moved to dismiss the Sexually Violent Persons Commitment Act petition on the ground that it was not timely filed.  *See In re Det. of Powell*, No. 00 CR 80003 (Ill. Cir. Ct.).  The Illinois Department of Corrections had set an anticipated date for Powell's release on mandatory supervised release and the State had filed a petition that was timely based on that anticipated release date.  Powell argues that the Sexually Violent Persons Commitment Act petition was rendered untimely when he refused to sign the papers that would have allowed his release on mandatory supervised release, thereby delaying the date of his release.  *See In re Det. of Powell*, 799 N.E.2d 937, 939-940 (Ill. App. Ct. 2003).  The trial court denied the motion to dismiss.  *See In re Det. of Powell*, No. 00 CR 80003.  Powell filed an interlocutory appeal, and the Illinois Appellate Court reversed the trial court.  *See In re Det. of Powell*, 799 N.E.2d 937. The State then petitioned the Illinois Supreme Court for leave to petition the judgment of the Illinois Appellate Court, and the Supreme Court reversed the Appellate Court, finding that the petition was timely.  *See In re Det. of Powell*, 839 N.E.2d 1008 (Ill. 2005).  The Supreme Court's mandate was filed in the trial court on December 21, 2005.  *See In re Det. of Powell*, No. 00 CR 80003.

Following further pretrial proceedings in the trial court, a jury trial commenced on March 1, 2011.  *See In re Det. of Powell*, No. 00 CR 80003 .  The jury was unable to agree on

a verdict, and as a result the trial court declared a mistrial. *See In re Det. of Powell*, No. 00 CR 80003 (Ill. Cir. Ct. March 8, 2011). Powell moved to dismiss the petition a second time, arguing that the Act required dismissal when a trial results in a hung jury. The trial court denied his motion. *See In re Det. of Powell*, No. 00 CR 80003 (Ill. Cir. Ct. March 15, 2011). Approximately one year later Powell moved the Illinois Supreme Court for leave to file a complaint for an order of mandamus directing the trial court to dismiss the Sexually Violent Persons petition. The Illinois Supreme Court denied leave to file the mandamus complaint on April 16, 2012. *See Powell v. Porter*, No. 114024 (Ill. 2012). Four days later Powell filed in this Court the instant Motion for a Writ of Habeas Corpus along with a Motion to Stay the State Court Proceedings in the Sexually Violent Persons Petition. On April 26,2012, this Court denied the motion to stay the state court proceedings without prejudice and ordered the Respondents to respond to the Motion for a Writ of Habeas Corpus.

Powell's § 2241 habeas petition alleges the following claims: (1) the Sexually Violent Persons petition was not timely filed under 725 ILCS 207/15(b-5)(1); (2) he did not receive an adequate probable cause hearing under 725 ILCS 207/30, in part because by stipulating to probable cause Powell deprived himself of the opportunity to cross-examine the State's expert; (3) he will be subject to an unconstitutional ex post facto law if the trial court applies the version of the Act now in effect at his retrial; (4) the State has violated his right to a

speedy trial under 725 ILCS 207/35, and his rights under Article I, Section 8 of the Illinois Constitution and the Sixth Amendment to the United States Constitution; (5) subjecting him to a retrial violates 725 ILCS 207/35(f) and the Fifth Amendment's prohibition against double jeopardy; and (6) the State cannot prove beyond a reasonable doubt that he is a sexually violent person and consequently this Court should prevent the State from presenting its evidence to another jury. Powell asks this Court for an order that (1) directs the judge of the Circuit Court of Cook County to dismiss the Illinois Attorney General's Petition for Civil Commitment under the Sexually Violent Persons Commitment Act; (2) bars the Illinois Attorney General for retrying him; and (3) directs the Secretary of the Illinois Department of Human Services to release him from custody.

Powell has properly invoked 28 U.S.C. § 2241 as this Court's basis for jurisdiction over his Motion. A detainee of a state who is not incarcerated pursuant to a final judgment of a state court may invoke § 2241 for relief on the ground that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petitioner who is in custody pursuant to a final judgment of a state court must seek any habeas relief under 28 U.S.C. § 2254. However, in cases such as this, in which the state court has not yet rendered a final judgment, habeas relief may still be sought and § 2241 governs. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979); *see also Walck v. Edmondson*, 472 F.3d 1227, 1234-1235 (10th Cir. 2007); *Stringer v. Williams*, 161 F.3d 259, 262

(5th Cir. 1998).

Pretrial habeas relief under § 2241 must be premised on a violation of federal law. This is reflected in the plain language of §2241(c)(3) (the writ shall not extend to a prisoner unless (1) he is in the custody of the United States; (2) he is in custody for an act done or omitted in pursuance of an Act of Congress or an order, process, judgment or decree of a court or judge of the United States; (3) he is in custody in violation of the Constitution or laws or treaties of the United States; (4) he is a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or (5) it is necessary to bring him into court to testify or for trial). Alleged violations of state law are not cognizable on federal habeas corpus review. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) ("We have stated many times that federal habeas relief does not lie for errors of state law") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)) (internal quotations omitted); *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2011) ("it is not the province of a federal habeas court to reexamine state-court decisions on state-law questions.") (quoting *Estelle*, 502 U.S. at 67-68).

Furthermore, to properly pursue a claim under § 2241 a petitioner must have exhausted his state court remedies. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 491-492 (1973); *Neville*, 611 F.2d at 675; *see also Dickerson v. Louisiana*, 816 F.2d 220,

225 (5th Cir. 1987). The doctrine of exhaustion under § 2241 is not a statutory requirement; rather "decisional law has superimposed such a requirement in order to accommodate principles of federalism." *Phillips v. Court of Common Pleas, Hamilton County, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) (citing *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)). Thus, exhaustion has been imposed on motions brought pursuant to § 2241 by federal courts in construing the statute.

Respondents Michelle R.B. Saddler and Lisa Madigan rely on *Younger*, 401 U.S. 37, which sets forth a limitation on the exercise of federal jurisdiction, and they assert that their Motion to Dismiss is premised on Federal Rule of Civil Procedure 12(b)(1). They argue that pursuant to *Younger* this Court should abstain from interfering with ongoing state court Sexually Violent Persons proceedings and should dismiss Powell's Motion without prejudice. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (affirming dismissal of habeas petition that sought to enjoin ongoing state commitment proceedings). Because *Younger* abstention concerns whether courts should exercise jurisdiction that they have over the parties' claims, motions to dismiss on *Younger* grounds are best construed as motions pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of subject matter jurisdiction. *See FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) ("*Younger* generally requires federal courts to *abstain from taking jurisdiction over federal constitutional claims* that involve or call into question ongoing state proceedings) (emphasis

supplied); *see also Plouffe v. Ligon*, 606 F.3d 890, 892 (8th Cir. 2010) ("The *Younger* abstention doctrine, as it has evolved, provided that federal courts *should abstain from exercising jurisdiction* when" certain conditions of the doctrine are satisfied) (emphasis supplied); *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003) ("[I]n cases in which *Younger* applies, the federal courts *have* jurisdiction over the parties' claims; *Younger* abstention concerns whether they should exercise that jurisdiction.") (emphasis in original); *see, e.g., City of New York v. Milhelm Attea & Bros., Inc.*, 550 F. Supp. 2d 332, 341 (E.D.N.Y. 2008) ("A motion to dismiss based on an abstention doctrine is. . . considered as a motion made pursuant to Rule 12(b)(1)."). Thus, the Court will construe the instant Motion to Dismiss as brought pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Powell's first claim pursuant to § 2241, alleging that the Sexually Violent Persons petition was not timely filed under 725 ILCS 207/15(b-5)(1) is a non-cognizable claim for immediate federal habeas corpus relief because it rests solely on state law. Pursuant to the Act a petition under the Act must be filed no more than ninety days before the discharge or entry into mandatory supervised release from an Illinois Department of Corrections facility or no more that thirty days after the person's entry into mandatory supervised release. *See* 725 ILCS 207/15(b-5)(1). After the trial court denied Powell's motion to dismiss the petition as untimely, Powell sought interlocutory review in the appellate court, which found that the petition was untimely. The State sought leave to petition the Illinois

Supreme Court on the question of whether the ninety-day period set forth in the Act can be calculated based on the Illinois Department of Correction's anticipated date of release. This question presented solely an issue of statutory interpretation of Illinois state law. *See In re Det. of Powell*, 839 N.E.2d at 1014 ("The issue before us is a matter of statutory construction."). The Illinois Supreme Court reversed the intermediate appellate court and held that the timeliness of a petition under the Act could indeed be calculated based on an anticipated date of release. Powell claims that the Supreme Court's interpretation of its own state's law violated his constitutional rights because it infringes on his constitutional liberty interest in his release from state custody. The determination by the Illinois Supreme Court as to the meaning of the Act is not reviewable by this Court on a motion for a writ of habeas corpus. When the state's highest court renders a judgment on the validity of a state law the Supreme Court of the United States may not review the judgment if the petitioner's argument is premised on state law grounds. Here, the Petitioner alleges that the Illinois Supreme Court's interpretation of the Act violated his federal constitutional rights. If Powell wished to contest the Illinois Court's interpretation of the Act his remedy was to file for a writ of certiorari with the Supreme Court of the United States—not to file for a writ of habeas corpus pursuant to § 2241. The issue Powell raises in his Motion provides no basis for this Court to interfere with the ongoing state proceedings because it concerns a non-cognizable state law issue and therefore abstention is appropriate. The

Court will not constitutionalize on habeas corpus review what is patently a state law claim regarding the proper interpretation of the Sexually Violent Persons Commitment Act. The forum to seek redress for an alleged violation of the Petitioner's constitutional rights as a result of the Illinois Supreme Court's judgment regarding the interpretation of state law is in the Supreme Court of the United States. In other words, if Powell wishes to argue that the Illinois Supreme Court's ruling violates the federal Constitution he must petition the Supreme Court of the United States for a writ of certiorari and proceed with his constitutional challenge in that forum. Not in this one. Thus, Powell's first claim for relief under § 2241 is dismissed without prejudice.

Powell's second claim pursuant to § 2241, alleging that he did not receive a probable cause hearing as required by 725 ILCS 207/30 does not provide a basis for immediate habeas relief because the claim has not been exhausted, and to the limited extent that the claim raises a federal constitutional issue it is without merit. Powell has not pursued this claim before the Illinois Appellate Court or the Illinois Supreme Court, and therefore it remains unexhausted and thus cannot provide a basis for immediate habeas relief. *See Neville*, 611 F.2d at 675. Even if the claim were properly exhausted, it appears to lack a federal constitutional basis. Powell argues that his stipulation to probable cause was invalid because it deprived him of any opportunity to cross-examine the State's expert. Under the Act, a petitioner has a right to cross-examine a State witness if one testifies, but

here Powell's stipulation that probable cause existed made the State's presentation of testimony unnecessary. *See* 725 ILCS 207/25(c)(3). The issue of whether a petitioner's stipulation to probable cause obviates the need for the State to present testimony at a probable cause hearing depends on a construction of the Act, and any violation of the state statute does not provide a basis for federal habeas relief. *See Wilson*, 131 S. Ct. at 16. The Petitioner seems to argue that his rights under the Confrontation Clause will be violated if he is unable to cross-examine the doctor who evaluated him in 2000 and concluded that he was sexually violent. This contention is unexhausted and unripe for adjudication because it pertains to events that have yet to occur. Further still, Powell does not have a Sixth Amendment confrontation right in the present case. *See* U.S. Const. amend. VI (the right to confront one's accusers applies to "criminal prosecutions"); *In re Tiney-Bey*, 7070 N.E.2d 751, 754 (Ill. App. Ct. 1999) ("Because proceedings under the Commitment Act are civil in nature, they do not trigger respondent's constitutional rights."); *see also In re Commitment of Weekly*, 956 N.E.2d 634, 643-644 (the Illinois General Assembly amended the Sexually Violent Persons Act in 2001 to remove provisions that gave Sexually Violent Persons respondents the same rights as criminal defendants). The possibility that a violation of a state statutory right to confrontation might arise does not provide any basis for this Court to disrupt ongoing state proceedings and therefore abstention under *Younger* is appropriate. If Powell is determined to be a sexually violent person he can pursue an

alleged violation of any statutory right to confrontation before the Illinois courts. Thus, Powell's second claim for relief under § 2241 is dismissed without prejudice.

Powell's third claim pursuant to § 2241, alleging that he will be subject to an unconstitutional ex post facto law if the trial court applies the version of the Act now in effect at his retrial does not provide a basis for immediate habeas relief because the claim is unexhausted and because ex post facto claims are subject to *Younger* abstention. Powell has not presented this claim to the Illinois Appellate Court or the Illinois Supreme Court. Therefore the claim is unexhausted and is not subject to federal habeas review under § 2241. *See Neville*, 611 F.2d at 675. Even if the claim were properly exhausted, there is no reason to interfere with ongoing state proceedings and abstention under *Younger* is appropriate. Ex post facto claims are subject to *Younger* abstention. *See Sweeney*, 612 F.3d at 571. Thus, Powell's third claim for relief under § 2241 is dismissed without prejudice.

Powell's fourth claim pursuant to § 2241, alleging the State has violated his right to a speedy trial under 725 ILCS 207/35, and his rights under Article I, Section 8 of the Illinois Constitution and the Sixth Amendment to the United States Constitution does not provide a basis for immediate habeas relief because the claim is unexhausted and rests on an alleged violation of state law. Powell did not pursue this claim before the Illinois Appellate Court or the Illinois Supreme Court and therefore it remains unexhausted and thus not subject to federal habeas corpus review pursuant to § 2241. *See Neville*, 611 F.2d at 675.

Although Powell invokes the Sixth Amendment to the United States Constitution in support of his claim, he is in fact relying on an alleged violation of Illinois law. The Sixth Amendment's Speedy Trial Clause by its express terms does not confer a right to a speedy trial in a civil commitment proceeding. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."); *In re Tiney-Bey*, 707 N.E.2d at 754. The Act provides the right to a speedy trial by requiring that a trial shall commence no later than 120 days after the date of the probable cause hearing. *See* 725 ILCS 207/35(a). An alleged violation of a state statutory right provides no basis for habeas relief. *See Wilson*, 131 S. Ct. at 16. Even if Powell could set forth a colorable Sixth Amendment basis for his speedy trial claim abstention is still required. *Younger* does not require abstention where a petitioner seeks to enforce his right to a speedy trial by having a federal court order that a trial take place, but abstention is appropriate if a petitioner seeks to enjoin ongoing state court proceedings based on a speedy trial claim. *See Braden*, 410 U.S. at 493; *Neville*, 611 F.2d at 676 (whether a petitioner seeks to enforce his speedy trial right or enjoin state proceedings is crucial to deciding whether a federal court should abstain). Therefore, the Court must abstain from interfering with ongoing state proceedings pursuant to *Younger*, and Powell's fourth claim for relief under § 2241 is dismissed without prejudice.

Powell's fifth claim pursuant to § 2241, alleging that subjecting him to a retrial

violates 725 ILCS 207/35(f) and the prohibition against double jeopardy provides no basis for immediate habeas relief because the claim is partially unexhausted, it turn on a non-cognizable question of state law, and does not present a colorable federal constitutional violation. Powell exhausted his statutory claim by attempting to file a mandamus complaint in the Illinois Supreme Court, but that complaint did not exhaust his double jeopardy claim. Thus, Powell's constitutional claim is unexhausted and therefore not subject to federal habeas review. *See Neville*, 611 F.2d at 675. Powell's statutory claim turns on a question of state and not federal law, and therefore it is non-cognizable on § 2241 review. *See Wilson*, 131 S. Ct. at 16. Furthermore, Powell cannot present a colorable claim to relief under the Fifth Amendment's Double Jeopardy Clause. The Fifth Amendment provides that no person may "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. X. The plain language of the Clause applies only to an "offense," which is a trial on a criminal charge and not a civil commitment proceeding. *See Kansas v. Hendricks*, 521 U.S. 346, 369 (1997) (Kansas's sex-offender commitment scheme was civil rather than criminal in nature and thus removed an essential prerequisite to petitioner's double jeopardy claim). Thus, double jeopardy is not a defense to a civil commitment petition. The federal prohibition on double jeopardy does not apply to Sexually Violent Persons Commitment Act proceedings. *See In re Samuelson*, 727 N.E.2d 228, 234 (Ill. 2000) (because proceedings under the Sexually Violent Persons Commitment

Act are civil in nature they do not constitute a prosecution and thus double jeopardy concerns are not implicated). Because Powell's double jeopardy claim is not colorable he cannot avoid abstention under *Younger*. Thus, Powell's fifth claim for relief under § 2241 is dismissed without prejudice.

Finally, Powell's sixth claim pursuant to § 2241, alleging that the State cannot prove beyond a reasonable doubt that he is a sexually violent person and consequently this Court should prevent the State from presenting its evidence to another jury provides no basis for immediate habeas relief because the claim is unexhausted and premature. Powell has not presented this claim to the Illinois Appellate Court or the Illinois Supreme Court and therefore it remains unexhausted and thus not subject to § 2241 review. *See Neville*, 611 F.2d at 675. Furthermore, Powell has a right to hold the State to its burden of proof at his second trial. If he is correct that the State cannot meet its burden, he has adequate remedies in state court. He could be acquitted, or he could seek reversal of an adverse sexually violent person adjudication by appealing the trial court's judgment on the basis of the sufficiency of the evidence. Pursuant to *Younger* this Court must abstain from interfering with ongoing state proceedings by interjecting its own opinion about the sufficiency of the State's evidence against Powell. Thus, Powell's sixth claim for relief under § 2241 is dismissed without prejudice.

For the reasons set forth above, this Court must abstain from deciding Powell's

Motion for a Writ of Habeas Corpus pursuant to *Younger*, which limits this Court's jurisdiction over cases in which concurrent state court proceedings are contemporaneously underway. Thus, the Motion is dismissed without prejudice.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: September 6, 2012